IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-05772-PAB

MIGUEL ANGEL FLORES PORTILLO,

Petitioner,

v.

JUAN BALTAZAR, Warden, Aurora ICE Processing Center,

Respondent.

---

**ORDER**

---

This matter comes before the Court on petitioner Miguel Angel Flores Portillo's *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1]. Respondent has filed a response. Docket No. 7.

## I. Background[1]

Petitioner[2] is a native of El Salvador, who "entered the United States approximately twenty years ago and has resided in the country since." Docket No. 1 at 5. His removal proceedings are pending. *Id.* Petitioner was taken into immigration detention on June 14, 2026 in Florida. *Id.* He was not shown an arrest warrant, and he has not received a bond hearing. *Id.* He alleges that he was told that "he was ineligible for bond because he entered the United States unlawfully." *Id.*

---

[1] The following facts are undisputed unless otherwise noted.

[2] Because petitioner is proceeding pro se, the Court construes his filings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

On November 3, 2026, petitioner filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. *See generally id.* Among other claims, petitioner challenges the "Categorical denial of bond eligibility," asserting that 8 U.S.C. § 1226(a) governs his detention, and claims that he was not shown or provided with an arrest warrant. *Id.* at 5. For relief petitioner seeks his immediate release from custody. *Id.* at 6.

On November 13, 2026, respondent filed a response. Docket No. 7. Respondent does not provide any opposition to the petition. *Id.* at 1. Respondent states that, "if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondent, within seven days of the Court's Order, release Petitioner from detention." *Id.* at 1-2 (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)).

## II. Analysis

In *Santillan Quiroz*, 180 F.4th 1226, the Tenth Circuit held that 8 U.S.C. § 1226(a) governs the detention of noncitizens undergoing removal proceedings who are detained in the interior of the United States. Petitioner is undergoing removal proceedings and was detained in the interior of the United States. Docket No. 1 at 5. Respondent does not dispute that petitioner is detained pursuant to 28 U.S.C. § 1226(a). *See generally* Docket No. 7. Therefore, the Court finds that petitioner is detained pursuant to § 1226(a).

Noncitizens detained pursuant to § 1226(a) are entitled to a bond hearing, or else release. *Santillan Quiroz*, 180 F.4th at 1251 n.13. Petitioner seeks his release from detention as habeas relief. Docket No. 1 at 6. Respondent submits that, if the Court grants the petition, the appropriate relief is for the Court to order respondent to

"release Petitioner from detention." Docket No. 7 at 1-2. Thus, because all parties agree that releasing petitioner is the proper remedy in this case, the Court will order respondents to release petitioner from custody.

## III. Conclusion

Therefore, it is

**ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that respondent shall release petitioner from custody within **48 hours** of the issuance of this order. It is further

**ORDERED** that respondent shall file a status report within **four days** of the issuance of this order confirming that petitioner was released from custody.

DATED November 18, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge